**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DIVERSE LOGISTICS SERVICES, LLC f/k/a TCA LOGISTICS, LLC | : | Hon. Julien Xavier Neals, U.S.D.J. |
| | : | Hon. Cari Fais, U.S.M.J. |
| Plaintiff, | : | |
| | : | Civil Action No. 25-15752 |
| v. | : | |
| | : | **ORDER GRANTING MOTION TO** |
| MARY McCOY | : | **REDACT AND SEAL** |
| | : | |
| Defendant. | : | |

The Court makes the following Findings of Fact and Conclusions of Law with respect to the parties' Agreed Motion to Redact and Seal Transcript of Proceedings on November 21, 2025:

1.      The parties appeared before U.S. Magistrate Judge Cari Fais for a settlement conference on November 21, 2025, and reached a binding settlement of this matter.  Due to the late hour the settlement was reached, the parties did not have time to reduce the settlement terms to writing, so the Court agreed to have the binding settlement terms placed on the court record.

2.      There are no prior orders sealing these materials in this case.

3.      One material element of the parties' settlement was that the terms of the settlement remain confidential, subject to certain exceptions:

(a)      the parties may disclose the settlement terms if directed to do so by a court of law or by a lawful subpoena;

(b)      the parties may disclose the settlement terms to enforce their rights under the applicable settlement agreement, or to comply with their obligations under the settlement agreement;

(c)      the parties may disclose the settlement terms to family members, retained attorneys, or individuals with a business need to know or for a valid business purpose, including insurers, tax, accounting, or similar professional advisors;

(d)      Defendant Mary McCoy ("McCoy") may disclose the terms to RXO, Inc., RXO Last Mile Canada, Inc., and RXO Last Mile, Inc. to the extent necessary to fulfill her obligations under the settlement terms;

(e)      Plaintiff Diverse Logistics, LLC f/k/a TCA Logistics, LLC ("Diverse") may disclose to any person or entity, that this instant matter was resolved, that McCoy made a payment to Diverse, and that McCoy cannot work for RXO Last Mile, Inc. at any time before June 1, 2026.

4.      The parties have a legitimate private interest in maintaining the confidentiality of the settlement terms, which were only agreed upon based on the condition that the settlement terms would remain private, because such terms involve business agreements between the parties and courts consider business agreements to be a legitimate private interest. *See, e.g., In re Revlimid & Thalomid Purchaser Antitrust Litig.*, Nos. 19-7532, 20-18531, 2023 WL 6635353, at *2 (D.N.J. Aug. 8, 2023) ("[T]he confidentiality of business agreements, trade secrets[,] or commercial information are a legitimate private interest." (quoting *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2021) (citation modified))).

5.      If the settlement terms do not remain private, subject to the exceptions listed above in Paragraph 3, both parties will be harmed by this outcome.

6.      There is no less restrictive means that would allow the parties to comply with the condition that the settlement terms remain confidential, subject to the exceptions listed above in Paragraph 3.

7.      For these reasons, the parties' request complies with District of New Jersey Local Rule 5.3(c), and the portion of the public record that contains the terms of the parties' binding settlement shall be redacted from the public record and permanently sealed.

**IT IS,** on this 15th day of May, 2026,

**SO ORDERED.**

*/s/ Cari Fais*

HON. CARI FAIS, U.S.M.J.